IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MARYLAND
Civil Division

| | |
|---|---|
| **KENNETH SANDERS** <br> 8787 Branch Ave., Suite 128 <br> Clinton, MD 20735 <br><br> and <br><br> **KEN SANDERS FOUNDATION** <br> 8787 Branch Ave., Suite 128 <br> Clinton, MD 20735 <br><br>     Plaintiffs, <br><br> v. <br><br> **COHN, GOLDBERG & DEUTSCH, LLC** <br> 600 Baltimore Ave., Suite 280 <br> Towson, MD 21204 <br>     SERVE:  Registered Agent <br>               Stephen Goldberg <br>               600 Baltimore Ave., Suite 208 <br>               Towson, MD 21204 <br><br> and <br><br> **ROSENBERG & ASSOCIATES, LLC** <br> 7910 Woodmont Ave., Suite 750 <br> Bethesda, MD 20814 <br>     SERVE: Registered Agent <br>              Diane Rosenberg <br>              7910 Woodmont Ave., Suite 750 <br>              Bethesda, MD 20814 <br><br> and <br><br> **CITIMORTGAGE** <br> 1000 Technology Drive <br> O'Fallon, MO 63368 <br>     SERVE: Registered Agent <br>             The Corporation Trust Inc. <br>             351 West Camden St. <br>             Baltimore, MD 21201 | <br><br><br><br><br><br><br><br><br><br><br><br> Case No: |

and                                                    *
                                                       *
**DESIREE CALLENDER & ASSOCIATES**                     *
2905 Mitchellville Road, Suite 101                     *
Bowie, MD 20721                                        *
    SERVE: Registered Agent        *
        Desiree Callender                    *
        2002 Clearwood Dr.                   *
        Bowie, MD 20721                      *
                                                       *
and                                                    *
                                                       *
**DESIREE CALLENDER**                                  *
2002 Clearwood Dr.                                     *
Bowie, MD 20721                                        *
                                                       *
and                                                    *
                                                       *
**VENDOR RESOURCE MANAGEMENT, INC**                    *
4100 International Parkway, Suite 1000                 *
Carrollton, TX 75011                                   *
    SERVE: Registered Agent        *
        CT Corporation Systems               *
        1999 Bryan Street, Suite 900         *
        Dallas, TX 75201                     *
and                                                    *
                                                       *
**ANI REAL ESTATE INVESTMENT**                         *
10201 S. Indiana                                       *
Chicago, IL 60628                                      *
    SERVE: Registered Agent        *
        RAJ Motwani                          *
        301 Argosy Drive                     *
        Gaithersburg, MD 20878               *
and                                                    *
                                                       *
**REVERE BANK**                                        *
319 Main Street                                        *
Laurel, MD 20707                                       *
    SERVE: Registered Agent        *
        Andrew F. Flott                      *
        319 Main Street                      *
        Laurel, MD 20707                     *
                                                       *
        **Defendants.**                      *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Kenneth Sanders and Ken Sanders Foundation and states as follows:

## JURISDICTION

1. This action involves both federal and state claims, all of which arise from the same set of operative facts.

2. The state claims are brought pursuant to Maryland State Law.

## VENUE

3. Venue is proper as all of the events described herein occurred in Prince George's County, Maryland, the said property in question is located in Prince George's County, Maryland and venue is additionally proper under 28 U.S.C., Section 1391.

## PARTIES

4. Plaintiffs, Kenneth Sanders ("Sanders"), individually, and the Ken Sanders Foundation, (the "Foundation") coming forth jointly. Plaintiff Sanders is an adult citizen of the United States and a resident of Prince George's County, Maryland. Plaintiff Foundation is a non-profit organization conducting business in the State of Maryland.

5. Defendants are as follows:

    a. Cohn, Goldberg & Deutsch LLC is a company doing business in the State of Maryland.

    b. Rosenberg & Associates, LLC is a real estate law firm conducting business in the State of Maryland.

    d. Citimortgage is a financial institution conducting business in the State of Maryland.

  e. Desiree Callender & Associates is a real estate brokerage company located and conducting business in the State of Maryland.

  f. Desiree Callender, in her official capacity is the owner and agent of Defendant Desiree Callender & Associates, operating in the scope of her employment.

  g. Defendants Cohn, Goldberg & Deutsch, LLC, Rosenberg & Associates, Citimortgage are collectively hereinafter known as "Foreclosing Defendants."

  h. Each of the Defendants named herein are believed to, and alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## FACTS COMMON TO ALL COUNTS

6. Paragraphs 1- 5 are incorporated herein by reference.

7. The original promissory note and deed of trust property for the subject property located at 12118 Birchview Drive, Clinton, Maryland, 20735, was originated in 1993 by a non-party defendant financial institution who has never asserted claims against the Plaintiffs for said property.

8. Upon information and belief, Citimortgage later alleged that they received an assignment of the note and deed of trust which later led to them subsequently filing foreclosure proceedings.

9. On or about August 2009, Plaintiff Foundation received a deed to the property located at 12118 Birchview Drive, Clinton, Maryland, 20735, pursuant to the Maryland State Department of Assessment and Taxation records.

10. At all relevant times, Plaintiff Sanders resided on said property.

11. On May 6, 2014, Sanders was home on the said property with his wife.

4

12. An unidentified woman with two occupants drove onto the property without the consent of the Plaintiffs.

13. Plaintiff Sanders approached the woman who then identified herself as a representative of Defendant Vendor Resource Management and also an agent and employee for Defendant Desiree Callender & Associates.

14. Plaintiff Sanders instructed them to leave the property and they did.

15. Later that day on May 6, 2014, while Plaintiff Sanders was outside of his home walking, the Prince George's County Police Department and the Prince George's County Sheriff's Department surrounded the said property, pointed assault weapons at him and told him to get on the ground.

16. Plaintiff Sanders complied and told the officers he was unarmed. The police proceed to handcuff him while their weapons remained pointed at his head.

17. Plaintiff Sanders asked the officers what was going on but the officers never answered his questions. Instead, the police falsely accused him of being a threat to the community and that he was armed and dangerous. They also falsely accused him of contacting the Prince George's County Sheriff's Department, threatening to shoot them.

18. The police asked if anyone else was in the home and Plaintiff Sanders told them his wife was in the home.

19. Plaintiff Sanders' wife came to the door and asked what was going on and whether they were at the correct location. Plaintiff Sanders heard an officer ask his wife to confirm the property address which she did not. He then heard another officer yell out "handle her" and his wife was then thrown to the ground, handcuffed and dragged to an unmarked car at the property.

20. Plaintiff Sanders was brought to another unmarked police car where he could overhear on the radio that the suspect was in custody. An officer, later identified as Officer Brown, told Plaintiff Sanders that he was going to be booked for blocking an eviction action and sent to jail.

21. Other officers and deputy sheriffs then entered the inside of the property and conducted a search and seizure. They later brought out Plaintiff Sanders personal belongings which included souvenirs and trophies he had received as his tradecraft from the CIA, ATF and foreign government.

22. ATF officers then appeared with bomb sniffing dogs and conducted a search of the and perimeter of the property, to which the officers subsequently gave a "clear" to Officer Brown.

23. Plaintiff Sanders then observed several non-law enforcement men and women enter the property and bring out personal possessions belonging to him and his wife. Plaintiff Sanders even observed these individuals wearing their personal belongings. These individuals either carried the items onto a pickup truck or threw them onto the sidewalk.

24. The officers then took pictures of the inside and outside of the home.

25. A tow truck then drove up and towed Plaintiff Sanders and his wife's vehicles out of the garage and onto the street.

26. Plaintiff Sanders and his wife were then un-handcuffed. Officer Brown and all other officers and deputy sheriffs left the property.

27. Plaintiff Sanders and his wife were not allowed back into the home because the locks to Plaintiff property were changed. Plaintiff Sanders and his wife subsequently discovered that their personal belongings were thrown out on the street. As a result, they could not locate their personal computers, car keys, briefcase, medical records, passports and medication.

28. Plaintiff Sanders contacted Officer Brown and inquired as to the whereabouts of these items. Officer Brown said they were on the ground and hung up the phone. These items were not on the ground and in fact, were nowhere to be found.

## COUNT 1
### Negligence

29. All information set forth in the proceeding paragraphs of 1-28 are incorporated herein as if fully and expressly restated in this count.

30. Pursuant to the Maryland State Department of Assessment and Taxation records, Plaintiff Foundation became record owner of the property in 2009.

31. The Defendants had a duty pursuant to the provisions of Maryland Annotated Code of Maryland, Real Property §7-1059(b) to provide notice of a proposed sale to all parties in interest.

32. Notwithstanding that duty, Foreclosure Defendants breached that duty when they failed to provide notice to Plaintiffs pursuant to the Maryland Annotated Code of Maryland, Real Property.

33. As a result of the Plaintiffs not receiving notice of the foreclosure proceedings, they were divested of valuable interests in the real property.

34. Plaintiffs have suffered both economic and non-economic damages, including, but not limited to, loss of personal items and use and enjoyment of the property and loss of potential future appreciation of value in the property.

WHEREFORE, Plaintiffs demand judgment against Foreclosure Defendants jointly and severally for One Million Dollars ($1,000,000.00) in compensatory damages, interest and costs.

## COUNT II
### Illegal Eviction

35. All information set forth in the proceeding paragraphs of 1-34 are incorporated herein as if fully and expressly restated in this count.

36. During all relevant times mentioned herein, all Foreclosure Defendants, separately and in concert, engaged in unlawful and illegal conduct herein mentioned, to evict Plaintiffs from the property.

37. Plaintiffs were not given lawful notice that their rights to occupy said property were being foreclosed upon and as a result, they were illegally evicted.

38. As a result of the illegal eviction, Plaintiffs sustained economic and non-economic damages including, but not limited to, loss of property, damage to property, anxiety, embarrassment and significant emotional distress.

WHEREFORE, Plaintiff Kenneth Sanders and Kenneth Sanders Foundation demand judgment against Defendants jointly and severally for:

a) One Million Dollars ($1,000,000.00) in compensatory damages, interest and costs; and

b) Five Hundred Thousand Dollars ($500,000.00) in punitive damages.

## COUNT III
### Vicarious Liability

39. All information set forth in the proceeding paragraphs of 1-38 are incorporated herein as if fully and expressly restated in this count.

40. At the time of the occurrence, which forms the subject matter of this complaint, Defendants Cohn, Goldberg & Deutsch, LLC, Rosenberg & Associates, Desiree Callender & Associates and Desiree Callender were acting in concert for, with and at the request of Defendant

Vendor Resource Management and Defendant CitiMortgage for the sole purpose of seizing the said property. Vendor Resource Management, without conducting a title search conveyed the property to Ani Real Estate Investment with funding from Revere Bank, all in furtherance of the common goal of unlawfully depriving Plaintiffs of the property.

41. Defendant CitiMortgage is vicariously liable for the tortious acts of Defendants Cohn, Goldberg & Deutsch, Rosenberg, Desiree Callender, Vendor Resource Management and Desiree Callender & Associates.

WHEREFORE, Plaintiff Kenneth Sanders and Kenneth Sanders Foundation demand judgment against Defendants jointly and severally for One Million Dollars ($1,000,000.00) in compensatory damages, interest and costs.

## COUNT IV
### Violation of the Fair Debt Collections Practices Act

42. All information set forth in the proceeding paragraphs of 1-41 are incorporated herein as if fully and expressly restated in this count.

43. Defendant Citimortgage violated the Fair Debt Collections Practices Act ("FDCPA").

44. Plaintiff Sanders is a consumer pursuant to 15 U.S.C. and §1692a(3).

45. Defendant Citimortgage acted as debt collector to 15 U.S.C. and §1692a(6).

46. Defendant Citimortgage was not the beneficiary of the original note and deed of trust. Upon information and belief, Defendant Citimortgage claims an interest in the property pursuant to an assignment which was insufficiently disclosed in any documentation governing this foreclosure.

47. The foregoing acts of the Defendant Citimortgage therefore constitute violations of the FDCPA, including, but not limited to, violations of §§1692e(6), e(2), e(4), e(5) and f(1).

48. Plaintiffs have suffered damages as a direct result of the violation of the FDCPA at the hands of Defendant Citimortgage.

49. Additionally, Defendants Desiree Callender & Associates and Desiree Callender acting as agents of Defendant Citimortgage, violated §1692(e)(6) of the FDCPA in dispossessing Plaintiffs of the property.

50. Specifically, on May 5, 2014, the day prior to their intention to take the property, Defendants Desiree Callender & Associates and Desiree Callender obtained a temporary ex-parte peace order against Plaintiff Sanders by swearing a false statement that Plaintiff Sanders had physically threatened her. This case was docketed in the District Court for Prince George's County, Maryland, Case Number 0502-SP04006-2014.

51. On May 6, 2014, Defendant Desiree Callender went to Plaintiff Sanders' residence and called the police and the sheriff's department indicating that the Plaintiff Sanders was at home. The police and sheriff's department responded pursuant to her phone call and they forcibly removed Plaintiff Sanders on the basis of the peace order.

52. While Plaintiff Sanders was being detained by the police, he was dispossessed of the property by the removal of his personal property. The sole purpose of requesting the peace order was so that Plaintiff Sanders would be detained while Defendants dispossessed him of the property, in violation of §§1692(d), (e) and (f).

53. At the hearing on the peace order, May 19, 2014, the court ruled there was no statutory basis for the peace order to have been issued.

WHEREFORE, Plaintiff Kenneth Sanders, demands judgment against:

a) Defendants Citimortgage, Desiree Callender & Associates and Desiree Callender, jointly and severally, for One Million Dollars ($1,000.000.00) in statutory damages; and

b) Punitive damages against Defendants Citimortgage, Desiree Callender & Associates and Desiree Callender, jointly and severally for Five Hundred Thousand Dollars ($500,000.00) in punitive damages.

## COUNT V
### Unjust Enrichment

54. All information set forth in the proceeding paragraphs of 1-53 are incorporated herein as if fully and expressly restated in this count.

55. Foreclosure Defendants, by their wrongful acts, have been unjustly enriched at the expense of Plaintiffs and thus Plaintiffs have been unjustly deprived.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally for One Million Dollars ($1,000,000.00) in compensatory damages, interest and costs.

## COUNT VI
### Set Aside Trustee's Sale

56. All information set forth in the proceeding paragraphs of 1-55 are incorporated herein as if fully and expressly restated in this count.

57. Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the note and deed of trust because Foreclosing Defendants' interest was never properly acknowledged and recorded in violation of Annotated Code of Maryland, Real Property.

58. Moreover, Foreclosing Defendants never had the legal authority to foreclose because the deed of trust which permitted foreclosure if the borrower was in default, is void as it

improperly assigned and/or transferred to the Foreclosing Defendants from the original lender. Therefore the deed of trust could not provide a basis for a foreclosure.

WHEREFORE, Plaintiffs demand judgment against the Foreclosing Defendants jointly and severally for One Million Dollars ($1,000,000.00) in compensatory damages, interest and costs.

### COUNT VII
### Void or Cancel Trustee's Deed Upon Sale

59. All information set forth in the proceeding paragraphs of 1-58 are incorporated herein as if fully and expressly restated in this count.

60. Although the trustee's deed upon sale appears valid on its face, it is invalid and of no force or effect, for the reasons set forth above, including the fact that the deed of trust which purportedly secured the note, which served as the basis for a claim to have the right to conduct a judicial foreclosure, was at all times void due to wrongful and improper assignment to the Foreclosing Defendants.

WHEREFORE, Plaintiffs demand judgment against the Foreclosing Defendants jointly and severally for One Million Dollars ($1,000,000.00) in compensatory damages, interest and costs.

I DO SOLEMNLY DECLARE AND AFFIRM, UNDER THE PENALTIES OF PERJURY, THAT THE CONTENTS OF THE FOREGOING COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

_____
Kenneth Sanders
Plaintiff

_____
Ken Sanders Foundation
Plaintiff

Respectfully Submitted,

/s/ Stephen J. Williams
Stephen J. Williams, 012612
9500 Arena Dr., Suite 280
Largo, MD 20774
(301) 710-6260
swilliams@SJWilliamsLaw.com