IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH SANDERS, et al.                    :

                                           :

    v.                                     :   Civil Action No. DKC 15-1571

                                           :

COHN, GOLDBERG & DEUTSCH, LLC,
et al.                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are motions to dismiss filed by Defendants ANI Real Estate Investments, LLC ("ANI") (ECF No. 5); Rosenberg & Associates, LLC ("R&A") (ECF No. 7); Cohn, Goldberg & Deutsch, LLC ("CGD") (ECF No. 14); Revere Bank ("Revere") (ECF No. 17); CitiMortgage, Inc. ("CitiMortgage") (ECF No. 20); and Vendor Resource Management, Inc. ("VRM") (ECF No. 24). Also pending and ready for resolution is an amended motion for entry of default filed by Plaintiffs Kenneth Sanders and Ken Sanders Foundation (collectively, the "Plaintiffs"). (ECF No. 49). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motions to dismiss will be granted, and Plaintiffs' amended motion for entry of default will be denied.

I.  **Background**

A.  **Factual Background**[1]

In 1993, Plaintiff Kenneth Sanders purchased the property located at 12118 Birchview Drive, Clinton, Maryland 20735 (the "Property").  (ECF No. 17-2).[2]  To finance the purchase of the Property, Mr. Sanders and his wife, Ellen Sanders, obtained a purchase-money first trust loan from Union Federal Savings Bank of Indianapolis ("Union Federal"), secured by a deed of trust in

---

[1] When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true.  *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  Unless otherwise noted, the facts outlined here are alleged in the complaint and construed in the light most favorable to Plaintiffs, the nonmoving parties.

[2] In reviewing the motions to dismiss, the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Here, Plaintiffs do not attach to the complaint documents related to the underlying foreclosure action.  However, in their respective motions to dismiss, Defendants attach relevant documentation related to the purchase, assignment, transfer, and foreclosure of the Property.  These land records, state court proceedings, and bankruptcy proceedings may be considered without converting the motion into one for summary judgment.  *See Anderson v. FDIC*, 918 F.2d 1139, 1141 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records."); *Quattlebaum v. Bank of Am., N.A.*, No. TDC-14-2688, 2015 WL 1085707, at *1 n.1 (D.Md. Mar. 10, 2015); *Green v. Wells Fargo Bank, N.A.*, 927 F.Supp.2d 244, 246 n.2 (D.Md. 2013) ("A federal district court may take judicial notice of documents from state court proceedings and other matters of public record.").  Consequently, the court will consider them.  For clarity and ease of reference, the court will cite to the documents attached in support of the motion to dismiss filed by Revere.

favor of Union Federal (the "Deed of Trust"). (ECF No. 17-3). In July 2009, Mr. and Mrs. Sanders executed a quitclaim deed purporting to transfer the Property to Plaintiff Ken Sanders Foundation. (ECF No. 17-4).

In June 2010, CitiMortgage, as an assignee of the Deed of Trust, initiated foreclosure proceedings on the Property due to default by Mr. and Mrs. Sanders. CitiMortgage also appointed individuals affiliated with CGD as substitute trustees. (ECF No. 17-5). The foreclosure action was docketed in the Circuit Court for Prince George's County on June 25, 2010. (ECF No. 17-6). As defendants in the state foreclosure proceeding, Mr. and Mrs. Sanders challenged the right to foreclose and filed a motion to deny order to docket due to fraud, which was opposed by CGD, the substitute trustees. (*Id.* at 3-4). The motion was denied, as was their later motion to stay. (*Id.*).

Mr. and Mrs. Sanders filed a petition in the United States Bankruptcy Court for the District of Maryland, but the bankruptcy court dismissed the case after Mr. Sanders failed to attend a meeting of creditors. (*Id.* at 4; ECF No. 24-7). On April 12, 2011, the Property was sold at a foreclosure sale to CitiMortgage. (ECF No. 17-6, at 4). Shortly thereafter, CitiMortgage substituted the Secretary of Veterans Affairs as foreclosure purchaser. (*Id.* at 5). The circuit court ratified the foreclosure sale on July 29, 2011. (*Id.*).

3

On January 7, 2014, the Secretary of Veterans Affairs requested a writ of possession through counsel, R&A. (*Id.* at 6). The circuit court issued the writ of possession on January 29, and the sheriff returned the writ of possession on May 13. (*Id.* at 6-7). The Secretary of Veterans Affairs subsequently sold the Property to ANI. (ECF No. 17-8). ANI financed its purchase through a loan provided by Revere, secured by a security interest in the Property. (ECF No. 17-9).

The substance of Plaintiffs' complaint largely concerns the alleged events of May 6, 2014. According to Plaintiffs, Mr. and Mrs. Sanders were at the Property when "[a]n unidentified woman with two occupants drove onto the [P]roperty without" consent. (ECF No. 1 ¶ 12). According to Plaintiff, the woman then identified herself as a representative of VRM and employee of Defendant Desiree Callender & Associates. At Mr. Sanders' instruction, these individuals left the Property. Later that day, however, police officers from "the Prince George's County Police Department and the Prince George's County Sheriff's Department surrounded the . . . [P]roperty, pointed assault weapons at [Mr. Sanders,] and told him to get on the ground." (*Id.* ¶ 15). The complaint recounts that Mr. and Mrs. Sanders were detained while police "officers and deputy sheriffs then entered the . . . [P]roperty and conducted a search and seizure. They later brought out [Mr. Sanders'] personal belongings."

4

(*Id.* ¶ 21).   Plaintiffs allege that "ATF officers then appeared with bomb sniffing dogs and conducted a search of the [Property] and perimeter of the [P]roperty, to which the officers subsequently gave a 'clear.'"   (*Id.* ¶ 22).   According to Plaintiffs, law enforcement personnel carried Mr. Sanders' personal possessions to a vehicle "or threw them onto the sidewalk." (*Id.* ¶ 23).   Mr. and Mrs. Sanders allegedly were released from handcuffs and the police officers left the Property, but the locks to the Property had been changed and Mr. and Mrs. Sanders "could not locate their personal computers, car keys, briefcase, medical records, passports and medication." (*Id.* ¶ 27).

## B.   Procedural Background

On May 29, 2015, Plaintiffs sued CGD, R&A, CitiMortgage, Desiree Callender & Associates, Desiree Callender, VRM, ANI, and Revere (collectively, the "Defendants").   (ECF No. 1). Plaintiffs' complaint seeks damages and asserts the following claims: negligence against CGD, R&A, and CitiMortgage (collectively, the "Foreclosing Defendants") (Count I); illegal eviction (Count II); vicarious liability (Count III); violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*, against CitiMortgage, Desiree Callender & Associates, and Desiree Callender (Count IV); unjust enrichment (Count V); set aside trustee's sale against Foreclosing

Defendants (Count VI); and void or cancel trustee's deed upon sale against Foreclosing Defendants (Count VII).

ANI moved to dismiss the complaint (ECF No. 5), Plaintiffs responded (ECF No. 26), and ANI replied (ECF No. 39). R&A moved to dismiss the complaint (ECF No. 6) and Plaintiffs responded (ECF No. 27). CGD moved to dismiss the complaint (ECF No. 14) and Plaintiffs responded (ECF No. 28). Revere moved to dismiss the complaint (ECF No. 17), Plaintiffs responded (ECF No. 29), and Revere replied (ECF No. 43). CitiMortgage moved to dismiss the complaint (ECF No. 20), Plaintiffs responded (ECF No. 30), and CitiMortgage replied (ECF No. 42). VRM moved to dismiss the complaint (ECF No. 24), Plaintiffs responded (ECF No. 31), and VRM replied (ECF No. 38).

On October 5, 2015, the court issued an order directing Plaintiffs to show cause why this action should not be dismissed as to Desiree Callender & Associates and Desiree Callender due to failure to effect service. (ECF No. 25). The court granted Plaintiffs' request for an additional 30 days to effect service. (ECF Nos. 33; 34). After the court issued another show cause order (ECF No. 44), Plaintiffs filed an amended motion for the entry of an order of default against Desiree Callender & Associates and Desiree Callender (ECF No. 49). Defendants Desiree Callender & Associates and Desiree Callender responded

and moved to dismiss the complaint for ineffective service. (ECF No. 51).

## II. Defendants' Motions to Dismiss

### A. Standards of Review

The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a

7

formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n]' that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Analysis

This action arises from a judicially ratified foreclosure sale and subsequent judgment awarding possession to the foreclosure purchaser of the Property. Although the claims asserted in Plaintiff's seven-count complaint relate to the alleged actions of certain of the named Defendants that were involved in the 2011 foreclosure sale, the substance of the complaint focuses on the alleged events surrounding the May 2014 repossession of the Property. Defendants argue that this court lacks subject matter jurisdiction to hear Plaintiffs' claims under the *Rooker–Feldman* doctrine. Furthermore, and in the alternative, Defendants argue that *res judicata* bars Plaintiffs' claims and that Plaintiffs fail to state a claim under Rule 12(b)(6). Because subject matter jurisdiction is a threshold matter, the court first turns to the application of the *Rooker-Feldman* doctrine.

### 1. *Rooker-Feldman* and Subject Matter Jurisdiction

Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

9

"[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C. § 1257(a). Accordingly, *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Moreover, *Rooker-Feldman* bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Feldman*, 460 U.S. at 486); *see Plyler*, 129 F.3d at 731.

> The "inextricably intertwined" prong of the doctrine bars a claim that was not actually decided by the state court but where "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks omitted). Under either the "actually decided" or the "inextricably intertwined" prong, the principle is the same: "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

10

> *Johnson v. De Grandy*, 512 U.S. 997, 1005–06
> (1994).

*Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000); *see Exxon Mobil*, 544 U.S. at 293-94 (explaining that *Rooker-Feldman* analysis explores not simply whether issue has been litigated in state court, but whether the federal plaintiff seeks to "undo" an unfavorable state court judgment).[3]

"Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Nott v. Bunson*, No. WMN-09-2613, 2009 WL 3271285, at *2 (D.Md. Oct. 9, 2009) (citing *Poydras v. One West Bank*, No. 9-11435, 2009 WL 1427396 (E.D.Mich. May 20, 2009) (collecting cases)); *see Ogunsula v. Holder*, No. GJH-15-1297, 2015 WL 3892126, at *3 (D.Md. June 22, 2015) ("With respect to Plaintiff's claim regarding the alleged improper foreclosure on and eviction from her home, her claim is not appropriately brought in this Court."). Plaintiffs oppose each of the pending motions to dismiss with nearly identical responses. (*See* ECF Nos. 26; 27;

---

[3] Although the *Rooker-Feldman* doctrine bears some resemblance to the rules of *res judicata*, the doctrine is distinct from - and should not be confused with - those rules. *Wilmore*, 407 F.3d at 279 (citing *Moore v. City of Asheville*, 396 F.3d 385, 391 (4th Cir. 2005) (describing *res judicata* and *Rooker-Feldman* as "separate, but closely related doctrines"); *Exxon Mobil*, 544 U.S. at 292-93 (explaining that the continuing validity, after entry of judgment in state court, of a properly filed, concurrent federal action depends not on the *Rooker-Feldman* doctrine but on state preclusion law)).

28; 29; 30; 31).   Plaintiffs' responses, however, misapprehend the *Rooker-Feldman* doctrine as a "discretionary basis to decline subject matter jurisdiction on cases which have been previously adjudicated by state courts." (ECF No. 26, at 2).   In addition, Plaintiffs contend that the complaint asserts claims against Defendants for "their respective failures to perform basic diligence after the foreclosure was executed[,] tortious conduct which caused Plaintiff to be physically removed and injured, and other parties to lose tangible property by [Defendants'] unlawful removal of items from" the Property.   (*Id.* at 3-4). Plaintiffs maintain that they "do not challenge the foreclosure so much as the subsequent abridgement of rights caused by" Defendants.   (*Id.* at 4; *see* ECF No. 27, at 3 ("The thrust of Plaintiff[s'] case, therefore, is not the foreclosure, but rather the conduct after the sale to dispossess all Plaintiffs of the property and liberty.")).

Plaintiffs bring suit against Defendants on multiple legal theories, all based on the argument that the underlying foreclosure sale and award of possession were improper.   Each of the seven counts in the complaint stem from the state court foreclosure action.   Count I for "negligence" and Count II for "illegal eviction" appear to be premised on the argument that Plaintiffs did not receive proper notice during the foreclosure action pursuant to Md. Code Ann., Real Prop. § 7-105.9(b).

Count III asserts a claim for "vicarious liability" for unspecified "tortious acts" that "depriv[ed] Plaintiffs of the [P]roperty." (ECF No. 1 ¶¶ 40-41). Plaintiffs bring Count IV under the FDCPA arguing that the assignment of interest in the Property to CitiMortgage "was insufficiently disclosed in any documents governing this foreclosure." (*Id.* ¶ 46). In addition, Plaintiffs allege that Desiree Callender & Associates and Desiree Callender acted as agents of CitiMortgage and violated the FDCPA "in dispossessing Plaintiffs of the [P]roperty." (*Id.* ¶ 49). Count V includes a claim for unjust enrichment, but Plaintiffs do not support their claim beyond asserting that "Defendants, by their wrongful acts, have been unjustly enriched at the expense of Plaintiffs and thus Plaintiffs have been unjustly deprived." (*Id.* ¶ 55). Count VI requests that the court set aside the foreclosure sale because the "Foreclosing Defendants never had the legal authority to foreclose." (*Id.* ¶ 57). And Count VII requests that the court void or cancel the trustee's deed "due to [the] wrongful and improper assignment to Foreclosing Defendants." (*Id.* ¶ 60). Adjudication of these issues necessarily involves review of the state court proceedings and a determination of whether those proceedings were proper.

Contrary to Plaintiffs' argument, *Rooker-Feldman* is not a "discretionary" jurisdictional doctrine. Rather, "[a] litigant

13

may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Plyler*, 129 F.3d at 731). *Rooker-Feldman* is implicated when, "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Smalley v. Shapiro & Burson, LLP*, 526 F.App'x 231, 236 (4th Cir. 2013) (citation and internal quotation marks omitted). Here, although Plaintiffs do not directly appeal the decision below, they seek to have this court "sit in review of a [Maryland] state court that has already" decided issues related to the foreclosure of the Property. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). Plaintiffs' claims are "inextricably intertwined" with the state court's decision because it is evident from the complaint that Plaintiffs are challenging Defendants' ability to foreclose, evict Plaintiffs, and possess the Property. *See, e.g., Brumby v. Deutsche Bank Nat. Trust Co.*, No. 1:09CV144, 2010 WL 617368, at *4 (M.D.N.C. Feb. 17, 2010) ("[T]he remedies sought by Plaintiff would clearly require this court to invalidate the judicial findings made in the state court foreclosure action.");

*Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040JFBETB, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009) (determining that the plaintiff's federal lawsuit complaining of an injury related to a state court judgment was "squarely foreclosed by the *Rooker-Feldman* doctrine"); *Burlinson v. Wells Fargo Bank, N.A.*, No. 08-CV-01274-REB, 2009 WL 646330, at *6 (D.Colo. Mar. 9, 2009) ("[A]ny claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker-Feldman*."). The docket of the state court foreclosure proceeding demonstrates that Plaintiffs challenged the foreclosure process at virtually every conceivable juncture. Nevertheless, the Property was sold at a foreclosure sale, and the sale was ratified by the circuit court.

As a threshold matter, application of *Rooker-Feldman* warrants abstention because the doctrine precludes claims seeking redress for an injury caused by a state-court decision, and such claims essentially ask "the federal district court to conduct an appellate review of the state-court decision." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). Accordingly, this court has no authority to consider allegations and claims related to the propriety of that sale. *See Smalley*, 526 F.App'x. at 236-37 (holding that the district court lacked subject matter jurisdiction under *Rooker-Feldman* to consider the plaintiff's claims under the FDCPA and other

15

statutes because the success of those claims rested on a determination that the state court decision was wrongly decided); *Minh Vu Hoang v. Rosen*, No. DKC-12-1393, 2013 WL 781780, at *3 (D.Md. Feb. 28, 2013); *Nolan v. Buonassissi, Henning & Lash, P.C.*, No. DKC-12-0325, 2012 WL 3584980, at *1 (D.Md. Aug. 17, 2012).[4]

## 2. Failure to State a Claim Under Rule 12(b)(6)

In their respective motions to dismiss, Defendants also argue that if *Rooker-Feldman* does not divest this court of jurisdiction, the complaint nonetheless fails to state a plausible claim for relief and should be dismissed under Rule 12(b)(6). In responding to each motion to dismiss, Plaintiffs do not challenge Defendants' arguments concerning the failure of the complaint to comply with federal pleading standards. Rather, Plaintiffs contend that the court should not apply *Rooker-Feldman* as a jurisdictional bar, and they note that the complaint asserts claims against Defendants for "their respective failures to perform basic diligence after the foreclosure was executed[,] tortious conduct which caused Plaintiff to be physically removed and injured, and other

---

[4] Although Defendants Desiree Callender and Desiree Callender & Associates did not move to dismiss the complaint on this basis, Plaintiffs' claims against them also are barred under *Rooker-Feldman*. The issue of subject matter jurisdiction may be raised *sua sponte*. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997).

parties to lose tangible property by [Defendants'] unlawful removal of items from" the Property." (ECF No. 26, at 3-4). This is the extent to which Plaintiffs oppose Defendants' arguments; thus, the court has discretion to treat Defendants' arguments as uncontested and dismiss the complaint. *See Castillo v. Nationstar Mortgage, LLC*, No. DKC-14-2162, 2014 WL 5089088, at *1 (D.Md. Oct. 8, 2014) ("Because Plaintiff has failed to file any opposition to the motion, the court has the discretion to dismiss the case without reaching the merits."); *White v. Wal Mart Stores, Inc.*, No. ELH-14-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014) ("When a plaintiff fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted in the motion." (citation and internal quotation marks omitted)); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) ("By her failure to respond to this argument, the plaintiff abandons any discriminatory discharge claim.").

Moreover, there is no obvious lack of merit in Defendants' motions to dismiss given the allegations contained in the complaint, none of which state a plausible claim for relief or give rise to a cognizable cause of action. In Counts I and II, Plaintiffs assert claims for "negligence" and "illegal eviction" under Md. Code Ann., Real Prop. § 7-105.9(b). These claims

squarely address the propriety of foreclosure, and this court cannot upset the foreclosure sale ratified by the state court below.   Count III contains a claim for "vicarious liability" against all Defendants.   Vicarious liability, however, is "not an independent cause of action, but rather a theory of assigning liability."   *McCullough v. Liberty Heights Health & Rehab. Ctr.*, 830 F.Supp.2d 94, 97 (D.Md. 2011) (noting that the plaintiff's claim for vicarious liability is "not really a claim at all").

Count IV alleges that CitiMortgage, Desiree Callender, and Desiree Callender & Associates violated the FDCPA by dispossessing Plaintiffs of the Property.   (ECF No. 1 ¶¶ 46-53). In addition to their failure to allege sufficiently that Defendants meet the statutory definition of a debt collector, Plaintiffs have not brought the claim within the statute of limitations period.[5]   The FDCPA's statute of limitations provides that "[a]n action to enforce any liability . . . may be brought

---

[5] The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c), rather than in a motion pursuant to Rule 12(b)(6). Dismissal is proper, however, "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense."   *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 714 (3d ed. 2004) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)."). Here, the face of Plaintiffs' complaint clearly reveals the merit of Defendants' limitations defense; thus, dismissal on that ground is proper.

in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). As noted, the FDCPA violations alleged by Plaintiffs occurred on May 5 and May 6, 2014, at the latest, and the complaint was filed on May 29, 2015. As a result, Plaintiffs' FDCPA claims are time-barred.

In Count V, Plaintiffs assert a claim for unjust enrichment against Foreclosing Defendants. Under Maryland law, unjust enrichment requires: (1) a benefit conferred upon the defendant by the plaintiff; (2) a defendant's appreciation or knowledge of the benefit; and (3) the defendant's acceptance or retention of the benefit under circumstances that would make it inequitable for the defendant to retain the benefit without the payment of its value. *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007). Here, the complaint simply offers nothing beyond conclusory allegations. (*See* ECF No. 1 ¶ 55 ("Foreclos[ing] Defendants, by their wrongful acts, have been unjustly enriched at the expense of Plaintiffs and thus Plaintiffs have been unjustly deprived.")). Accordingly, Plaintiffs cannot state a claim for unjust enrichment. *Giacomelli*, 588 F.3d at 193 (noting that a complaint must contain sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief'" (quoting *Twombly*, 550 U.S. at 557)). In Counts VI and VII, Plaintiffs request that the court set aside the foreclosure

sale and void or cancel the deed upon sale.  These requests for relief, however, are not causes of action.  Furthermore, Plaintiffs' requested relief squarely addresses the propriety of the foreclosure the sale ratified by the Maryland circuit court.

Accordingly, even if the *Rooker-Feldman* doctrine does not mandate abstention regarding all of Plaintiffs' claims, the complaint nevertheless cannot withstand review under Rule 12(b)(6).  Plaintiffs must allege more than conclusory statements, and the complaint must contain sufficient factual allegations that, when accepted as true, state a plausible claim for relief.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Instead, here, the gravamen of the complaint is the May 2014 repossession of the Property and actions taken by law enforcement personnel, not Defendants.  The complaint contains a plethora of extraneous information seemingly unrelated to the claims asserted against Defendants and fails to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 n.3 (citations omitted).  Thus, Defendants' motions to dismiss will be granted.

## III. Plaintiffs' Amended Motion for Entry of Default

Assuming *arguendo* that Plaintiffs' claims survive application of the *Rooker-Feldman* doctrine and Rule 12(b)(6), the court briefly will address Plaintiffs' pending amended motion for the entry of default against Defendants Desiree Callender and Desiree Callender & Associates. (ECF No. 49).[6] In support of their motion, Plaintiffs attach proof of service indicating that the summonses were served upon "[a]n employee of Desree [sic] Callender & Associates." (*Id.* at 4, 5). Defendants Desiree Callender and Desiree Callender & Associates filed a response and moved to dismiss the complaint for failure to comply with Rule 4(e). (ECF No. 51).

Under Fed.R.Civ.P. 4(h)(1), service upon a corporation, partnership, or other unincorporated association shall be made either: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." According to the Maryland State Department of Assessments and Taxation, Desiree Callender is the current resident agent for Desiree Callender &

---

[6] The court will deny as moot Plaintiffs' two prior and superseded motions for entry of default against Defendants Desiree Callender and Desiree Callender & Associates. (ECF Nos. 47; 48).

Associates, Realtors LLC.  No other officers or agents have been authorized by appointment or law to accept service of process on behalf of the company.  Accordingly, service on "[a]n employee of Desree [sic] Callender & Associates" was improper and does not constitute effective service on Desiree Callender & Associates.  Neither does it constitute effective service on Desiree Callender in her individual capacity because Plaintiffs failed to comply with the requirements of Rule 4(e) and Md. Rule 2-121(a).

Pursuant to Fed.R.Civ.P. 55(a), default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  The record, however, indicates that Defendants Desiree Callender and Desiree Callender & Associates were not properly served.  Accordingly, Plaintiffs' amended motion will be denied.  *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("Since there was no valid service of process, the district court was without jurisdiction of the defendant, and the default judgment was void.").

**IV.   Conclusion**

For the foregoing reasons, Defendants' motions to dismiss will be granted, and Plaintiffs' amended motion for entry of default will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
